IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES IV TRUST, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-1188-RP |
| JERRY K. WALDEN, JR., a/k/a JERRY K. WALDEN and TAMATHA WALDEN, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning Plaintiff U.S. Bank Trust National Association's ("Plaintiff") Motion for Summary Judgment, (Dkt. 24). (R. & R., Dkt. 34). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on May 17, 2023. (*Id*.).

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Defendants Jerry Walden, Jr., et al. ("Defendants") filed an unopposed motion for extension of time to file objections on May 31, 2023. (Mot., Dkt. 35). The Court granted the motion, and gave

Defendants until June 9, 2023 to file objections. On June 9, Defendants again filed a motion for an extension of time. (Mot., Dkt. 36). The motion, however, contained the same file as the first extension—it was the exact same file as the first motion for an extension, asked for the same extension date (June 9), and including a certificate of conference. (*Id.*). The Court emailed counsel for Defendants, alerting them to the error. In response, counsel noted that "[t]he motion itself appears to state the correct date" and that "[t]ypically the Court enters a text order anyway." Most crucially, the email noted that it would refile the motion anyway because Plaintiff had now consented to the extension, necessarily implying that Plaintiff had not previously consented.

In short, the motion was filed on the day of Defendants' deadline without sufficient time for Plaintiff to note any opposition. And Plaintiff's consent did not come until after the deadline had passed—in other words, the objections were late because, at the end of June 9, the Court did not have a valid extension with an actual certificate of conference. Moreover, when the Court alerted counsel to the error, counsel replied that the motion contained the correct dates, rather than first checking to determine whether a mistake had been made. On these bases, the Court denied the motion for an extension. While Defendants have now moved for leave to file objections to the report and recommendation, the Court does not find good cause to accept the late filing, which was likewise filed without sufficient time to note whether Plaintiff opposed the motion.

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 34), is **ADOPTED**. Plaintiff's motion for summary judgment, (Dkt. 24), is **GRANTED**. Defendants' motion for leave, (Dkt. 38), is **DENIED**.

**IT IS THEREFORE ORDERED, ADJUDGED**, and **DECREED** that the Judgment entered on October 14, 2020 in Civil Action No. 1:19-cv-00992-RP in this Court, as affirmed by the United States Court of Appeals for the Fifth Circuit in Case No. 20-50944 by Mandate issued on November 24, 2021 (the "First Case"), is in full effect and enforceable.

**IT IS FURTHER ORDERED**, **ADJUDGED**, and **DECREED** the August 31, 2021 notice of default had no effect on the Judgment in the First Case.

**IT IS FURTHER ORDERED, ADJUDGED**, and **DECREED** that Plaintiff may proceed with foreclosure of its lien on the real property and improvements located at commonly known as 1017 Burleson Street, San Marcos, Texas 78666, as provided in the First Case Judgment.

**IT IS FURTHER ORDERED, ADJUDGED**, and **DECREED** that all writs and processes necessary for the enforcement and execution of this Order may issue.

The Court will enter final judgment in a separate order.

**SIGNED** on June 28, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE