IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, as trustee of THE TIKI SERIES IV TRUST, §§§§<br>Plaintiff, §<br>v. §     1:21-CV-1188-ADA-ML<br>§<br>JERRY K. WALDEN, Jr. a/k/a §<br>JERRY K. WALDEN and §<br>TAMATHA WALDEN, §<br>Defendants. § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

This case is before the court on remand from the Fifth Circuit. Dkt. 48. Also before the court are Plaintiff's Motion to Rescind Foreclosure (Dkt. 57), Defendants' Motion for Relief (Dkt. 59), and all related briefing.[1] Having considered the directions on remand, the parties' motions and briefing, the entire case file, and oral arguments made at the hearing, the court submits the following report and recommendation.

I. **BACKGROUND**

On June 15, 2004, Jerry and Tamatha Walden received real property located at 1017 Burleson Street, San Marcos, Texas (the Property) via a Warranty Deed with a Vendor's Lien. Dkt. 48-1 at 2. Years later, in 2008, the Waldens executed a $316,800 Texas Home Equity Note with a 5.5% annual interest rate payable to Nationstar Mortgage LLC. This Note included a

---

[1] This case has been referred to the undersigned for a Report and Recommendation by the United States District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 49.

1

corresponding Texas Home Equity Security Instrument that granted Nationstar, the named beneficiary, a security interest in the Property. *Id*. Together, the Note and the Security Instrument made up the Loan Agreement. *Id*.

The Loan Agreement provided that (1) the Waldens were required to pay the Note's principal and interest when due; and (2) that if they failed to do so, or they failed to comply with any of the covenants and conditions of the Security Instrument, the lender could enforce the Security Instrument by selling the Property according to the law and with the provisions set out in the Loan Agreement. *Id*.

In 2008, Nationstar assigned the Loan Agreement to the Federal National Mortgage Association (Fannie Mae). *Id*. at 3. Fannie Mae then assigned the Loan Agreement to MTGLQ Investors, L.P. and recorded the transfer on May 18, 2017. After the Waldens failed to pay the amount they owed on the Loan Agreement, MTGLQ served a Notice of Acceleration on January 30, 2018. *Id*.

Then, in 2019, MTGLQ filed suit. In 2020, the district court entered its final judgment and an order authorizing the non-judicial foreclosure of the Property. *Id*. The Waldens appealed the district court's judgment, which the Fifth Circuit affirmed. *MTGLQ Invs., L.P. v. Walden*, 853 F. App'x 957 (5th Cir. 2021) (per curiam), *opinion withdrawn and superseded on denial of reh'g,* No. 20-50944, 2021 WL 4888870 (5th Cir. Oct. 19, 2021) (per curiam).

While the appeal was pending, MTGLQ assigned the Loan Agreement to U.S. Bank. Dkt. 48-1 at3. U.S. Bank presently owns and holds the Loan Agreement, including the Note and its beneficiary interest in the Security Instrument. *Id*. On August 13, 2021—after the Fifth Circuit initially affirmed the ruling of the district court—U.S. Bank and SN Servicing, its loan servicer,

sent a notice of default to the Waldens. *Id*. The notice of default stated that the Waldens could cure the default by paying $346,060.32—less than the full accelerated amount due under the Loan Agreement. Despite receiving the notice of default, the Waldens still did not pay on the Note. *Id*.

The Fifth Circuit issued a substitute opinion on October 19, 2021. *MTGLQ Invs., L.P. v. Walden*, No. 20-50944, 2021 WL 4888870 (5th Cir. Oct. 19, 2021) (per curiam) (affirming summary judgment, denying rehearing, and denying motion to vacate and dismiss as moot); Dkt. 48-1 at 3-4. U.S. Bank then sent the Waldens another notice in November 2021 indicating that the Property would be sold at a foreclosure sale on January 4, 2022. Dkt. 48-1 at 4.

U.S. Bank filed this suit on December 31, 2021, arguing that it had a right to foreclose pursuant to the *MTGLQ* final judgment that the district court issued and the Fifth Circuit affirmed. *Id*.; Dkt. 1 (Compl.). U.S. Bank moved for summary judgment on the ground that the Notice was ineffective to abandon acceleration and requested a declaratory judgment that the *MTGLQ* final judgment is valid and enforceable. Dkt. 24 at 5. In the alternative, U.S. Bank sought an order allowing it to proceed with foreclosure because it had satisfied the legal requirements to foreclose on the Property. *Id.*

The Waldens opposed summary judgment on several grounds. First, they asserted that neither the district court nor the Fifth Circuit had subject matter jurisdiction to issue or affirm the *MTGLQ* final judgment. Dkt. 29 at 3. Second, they argued that this court did not have subject matter jurisdiction in this matter. *Id.* at 4. Third, they argued that U.S. Bank sought an advisory opinion. *Id.* Fourth, if this court did have jurisdiction, they contended that the August 13, 2021 notice, together with the absence of a subsequent notice of acceleration, precluded a judgment of foreclosure. *Id.* Fifth, if this court had jurisdiction, they asserted that the *MTGLQ* final judgment

precluded the granting of another judgment. *Id.* And in the alternative, if the court were to deny summary judgment, the Waldens sought time to take discovery to present facts to justify their opposition to summary judgment. *Id.*

The undersigned issued a report and recommendation recommending that the district court grant U.S. Bank's motion for summary judgment. Dkt. 34. Addressing the Waldens' first and second arguments, the undersigned determined that U.S. Bank had standing, the court had subject matter jurisdiction, and for the same reasons concluded that the district court and the Fifth Circuit had subject matter jurisdiction in *MTGLQ*. *Id*. at 4-8. Addressing the Waldens' third argument, the undersigned determined that a ruling on U.S. Bank's summary judgment motion would not constitute an advisory opinion. *Id*. at 8-9. Addressing the Waldens' fourth argument, the undersigned determined the August 13, 2021 notice did not abandon acceleration because U.S. Bank's actions did not manifest an unequivocal intent to abandon acceleration. *Id*. at 9-11. In light of this determination, the undersigned did not reach U.S. Bank's alternate ground for summary judgment—that even if acceleration had previously been abandoned, U.S. Bank had since provided proper notice of default and acceleration. *Id*. at 11, n.14; *see also* Dkt. 24 at 5. Finally, the undersigned rejected the Waldens' request for discovery. *Id*. at 12.

On June 28, 2023, the district judge adopted the report and recommendation and entered a judgment for non-judicial foreclosure. Dkt. 39.

On September 5, 2023, while the appeal was pending, U.S. Bank foreclosed on the loan pursuant to this court's judgment and sold the Property to itself. Dkt. 57 at 2. A foreclosure sale deed was recorded on September 28, 2023 in Document No. 2023-23035810 of the real property records of Hays County, Texas. Dkt. 57 at 2 & Exh. A.

On December 20, 2024, the Fifth Circuit issued its opinion on the Waldens' appeal. Dkt. 48. The Fifth Circuit affirmed the court's determination that U.S. Bank had standing and the court had subject matter jurisdiction. Dkt. 48-1 at 8-10. Applying *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015), the Fifth Circuit determined that U.S. Bank had abandoned acceleration by sending the August 13, 2021 notice. *Id*. at 11-13. The Fifth Circuit reversed the district court's order granting summary judgment, vacated the district court's judgment, and remanded the matter. *Id*. at 13.

The Fifth Circuit did not reach two arguments made on appeal. The Waldens contended that when acceleration is abandoned, the lender must seek a new order authorizing exercise of power of sale or judicial foreclosure. *Id*. U.S. Bank argued, in the alternative, that even if the prior acceleration was abandoned, summary judgment in its favor must be affirmed because it conclusively established that it is entitled to a second order authorizing foreclosure. *Id*. The Fifth Circuit directed the district court to address these arguments on remand. *Id*.

Following the remand, the undersigned ordered the parties to move for the relief they believed they are entitled. Dkt. 56. U.S. Bank moved to rescind the foreclosure. Dkt. 57. The Waldens moved to reopen discovery, allow for the amendment of pleadings, new dispositive motions, and a new trial date. Dkt. 59. As neither party's motion directly addressed the issues the Fifth Circuit instructed the district court to consider on remand, the court ordered the parties to brief those issues. Dkt. 68. The court will first address those issues, then turn to the parties' motions.

## II. ANALYSIS

### A. Whether a lender must seek a new order authorizing exercise of power of sale or judicial foreclosure if acceleration is abandoned

U.S. Bank argues it is not required to obtain a new order authorizing non-judicial foreclosure in light of the August 13, 2021 notice abandoning acceleration because the *MTGLQ* final judgment for foreclosure has preclusive effect. Specifically, U.S. Bank argues the *MTGLQ* judgment disposed of the Walden's defenses unrelated to whether foreclosure had been adequately noticed and "did not hinge on the notices." Dkt. 69 at 3. Therefore, U.S. Bank argues the August 13, 2021 notice should not impact the effect of the *MTGLQ* judgment.

The Waldens take the opposition position. Dkt. 70 at 2. However, although specifically ordered to brief this issue, Dkt. 68, the Waldens did not substantively address this issue, Dkt. 70.

The court is reluctant to find that a judgment of this court—and of the Fifth Circuit—null. However, the court can reach no other conclusion. US Bank's argument that the judgment did not hinge on the notices is inaccurate. While the bulk of the parties' actual dispute may have centered on the Waldens' defenses, MTGLQ was still required to show it was entitled to foreclose on the Property. MTGLQ did so, relying on an October 4, 2017 notice of default and intent to accelerate and a January 20, 2018 notice of acceleration. *See MTGLQ*, 1:19-CV-992-RP, Dkt. 35 (R&R) at 10 ("MTGLQ has also established that the Waldens were provided with notice of default, acceleration, and foreclosure in accordance with Texas statutory requirements.") (citing Dkt. 13-1 at 214-220). The undersigned recommended the District Judge enter judgment authorizing foreclosure, *id*. at 15, and the District Judge did so, Dkts. 42 (Order adopting), 43 (Final Judgment). While *MTGLQ* was on appeal and apparently unbeknownst to the Fifth Circuit, U.S. Bank sent the August 13, 2021 notice, which the Fifth Circuit later found to have abandoned the prior

6

acceleration. Dkt. 61-1 at 12-13. As *Boren* points out, the relevant Texas statute states that if "acceleration is deemed rescinded and waived and the note . . . shall be governed by Section 16.035 *as if no acceleration had occurred*." *Boren*, 807 F.3d at 106 (emphasis added) (citing TEX. CIV. PRAC. & REM. CODE § 16.038(a)).

Thus, since the August 13, 2021 notice abandoned the previous acceleration, it was "as if no acceleration had occurred." Acceleration is a necessary element to foreclose. *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd,* 583 F. App'x 306 (5th Cir. 2014) (citing TEX. PROP. CODE § 51.002). Without an acceleration, the prior judgments authorizing foreclosure of the Property lacked an adequate factual basis. Since the abandonment of acceleration occurred while the *MTGLQ* judgment was on appeal, the court finds that judgment has no preclusive effect. U.S. Bank has failed to persuade the court otherwise.

### B. Whether summary judgment in U.S. Bank's favor must be affirmed because it conclusively established that it is entitled to a second order authorizing foreclosure

At summary judgment, U.S. Bank argued that even if it was required to obtain a second order authorizing foreclosure, it had conclusively established it was entitled to such an order. The court did not reach this argument in its previous Report and Recommendation. Dkt 34 at 3, 11 n.14. Accordingly, the court now considers the arguments presently before the court and the arguments the parties previously made in the summary judgment briefing.

#### 1. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Est. of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

The court will view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id*.

2. Foreclosure

To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notice of default and acceleration. TEX. PROP. CODE § 51.002; *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x 306 (5th Cir.

2014); *see also Jones v. Bank of New York Mellon*, 2015 WL 5714636, at *3 (S.D. Tex. Aug. 17, 2015).

Texas common law imposes notice requirements before acceleration. *Wilmington Tr., Nat'l Ass'n v. Rob*, 891 F.3d 174, 176 (5th Cir. 2018). In Texas, "'[e]ffective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration.'" *Id*. (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). "Both notices must be clear and unequivocal." *Id*. Filing a lawsuit serves as a sufficient notice of acceleration. *Smither v. Ditech Fin., L.L.C.*, 681 Fed. App'x 347, 352 (5th Cir. Mar. 10, 2017) ("[N]otice of acceleration may take the form of the filing of a foreclosure action."); *de la Cruz v. Bank of New York Tr. for Certificateholders CWABS, Inc.*, No. A-17-CA-00163-SS, 2017 WL 2303533, at *3 (W.D. Tex. May 25, 2017); *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 903–04 (Tex. App.—Dallas 2008, no pet.) ("Notice of filing of the April 5, 2000 application for expedited foreclosure constituted notice of acceleration."); *Rob*, 891 F.3d 174, 176–77 ("Wilmington Trust's complaint could serve as adequate notice of acceleration,[] but only if it was preceded by valid notice of intent to accelerate.").

3. Analysis

As already described, the Note created the debt and the Security Instrument created a lien on the Property to secure the Note. Dkt. 25-1, Exhibits A-1 and A-2. The Note is due and owing for the July 15, 2011 payment and all subsequent payments. Dkt. 25-1 at 5, 107. The August 13, 2021 notice that inadvertently abandoned the previous acceleration included a notice of default. Dkt. 25-1 at 71 ("This constitutes notice that you have defaulted under the terms of the above mentioned promissory note/loan agreement and the Deed of Trust/Security Instrument."). That

9

notice also included a clear and unequivocal notice of intent to accelerate. *Id.* ("If you fail to cure the default by September 17, 2021, the total balance due under the promissory note will be accelerated and will be immediately due and payable."). Finally, the Complaint, filed December 31, 2021, accelerated the debt. Dkt. 1 ¶ 25 ("Defendants have failed to cure the default despite demand and all payments due on the Loan are hereby accelerated."). In light of this evidence, U.S. Bank argues it has conclusively demonstrated its entitlement to foreclosure.

The Waldens argue there has been no notice of intent to accelerate after the August 13, 2021 notice abandoning the previous acceleration. Dkt. 70 at 3. At the hearing, the Waldens also argued the Complaint was insufficient to accelerate the debt, citing the terms of the Deed of Trust. But as the Waldens point out in their brief, the Deed of Trust requires a notice of default and notice of intent to accelerate predate the notice of acceleration by at least 30 days. *Id.* Here, the Complaint was filed more than 30 days after the August 13, 2021 notice.

Thus, the Waldens' argument comes down to whether the August 13, 2021 notice could simultaneously abandon the previous acceleration and give notice of the default and notice of the intent to accelerate. Citing *Rob*, the Waldens argue "[o]nce the acceleration has been abandoned, the lender must send a new notice of intent to accelerate and notice of acceleration in order to accelerate the loan. *Id.* (citing *Rob*, 891 F.3d at 177). But in *Rob*, the lender had sent the borrowers a "Notice of Rescission of Acceleration" that "hereby rescinds Acceleration of the debt and maturity of the Note" and stated the "Note and Security Instrument are now in effect in accordance with their original terms and conditions, as though no acceleration took place." *Rob*, 891 F.3d at 175. After that Notice of Rescission of Acceleration, the lender did not send another notice of intent to accelerate, which the *Rob* court held the borrowers were entitled to before the debt could

10

be accelerated again. *Id*. at 175-177.  Here, the August 13, 2021 notice did include a notice of intent to accelerate. *Rob* does not stand for the proposition that a single communication cannot both rescind a prior acceleration and give notice of intent to accelerate. The Waldens cite no case for that proposition, and this court is not aware of any case holding such. Accordingly, the Waldens have not shown that there is a genuine issue of material fact that precludes summary judgment on U.S. Bank's claim for nonjudicial foreclosure.

The undersigned previously recommended that summary judgment be entered on a ground that was later rejected by the Fifth Circuit. However, as the undersigned now finds, U.S. Bank has shown it was entitled to the earlier summary judgment on the alternative grounds it put forward in its summary judgment motion.

### C.  The Waldens' Motion for Relief

The Waldens ask the court to order the parties to jointly or independently submit a proposed scheduling order so that the period for discovery, pleading amendments, dispositive motion deadlines, and trial date are reset. Dkt. 59 at 3. As the undersigned is recommending the district judge reenter judgment in favor of U.S. Bank, there is no need to restart the case from the beginning. This motion is denied.

### D.  U.S. Bank's Motion to Rescind Foreclosure

On September 5, 2023, while the appeal was pending, U.S. Bank foreclosed on the loan and sold the Property to itself. U.S. Bank now asks the court to rescind the September 5, 2023 foreclosure sale and resulting foreclosure sale deed. Dkt. 57. U.S. Bank argues that because the Fifth Circuit held the August 13, 2021 notice abandoned the prior acceleration, the foreclosure was

not in compliance with the Fifth Circuit's judgment and therefore rescinding the prior foreclosure falls within the scope of the remand. *Id*. at 4.

However, the undersigned has now found that the prior summary judgment was correct, albeit for different reasons than those used to originally justify it. U.S. Bank asks this court to rescind the foreclosure to clear any title issues it may have when it seeks to resell the Property. However, the court does not understand why that is an issue the court must address. Any cloud on the title is the result of U.S. Bank's premature sale of the Property, *while the appeal in this case was pending*. U.S. Bank has not convinced the court that the court should cure any cloud on the Property's title or that curing any cloud on the title is within the Fifth Circuit's remand. This motion is denied.

### III.    CONCLUSION

The Fifth Circuit instructed the court on remand to consider whether U.S. Bank was required to seek a new order authorizing the exercise of power of sale or judicial foreclosure in light of its abandonment of the previous acceleration and whether U.S. Bank had already established that it was entitled to such a second order authorizing foreclosure. The undersigned answers yes to both of those questions.

### IV.    ORDER AND RECOMMENDATION

For the reasons given above, Plaintiff's Motion to Rescind Foreclosure (Dkt. 57), Defendants' Motion for Relief (Dkt. 59) are **DENIED**.

In light of the undersigned's conclusion, the undersigned recommends the District Judge enter a final judgment in favor of U.S. Bank declaring that it was entitled to foreclose on the Property and its September 5, 2023 foreclosure sale was proper.

The referral to the Magistrate Judge should now be **CANCELED**.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED October 1, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE